UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fatumushe Ana Vula Ferataj, | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) Judge |
| Sgt. Dave Maroney, Trooper Chiappini #5083, ISP Trooper Galletti #5411, Sgt. Jim Walsh, Trooper Plomero #4361, Trooper Hendrick, Special Agent Phil Dachman, Illinois State Police, Will County Cooperative Police Assistance Team member Gary Augustine #9606, Inspector Lauer, Special Agent Linares, Inspector Lemann #9576, Will County Cooperative Police Assistance Team member/Plainfield Police Department officer Inspector Christopher Marshall #9807, NARCINT agent Tim Williams #9659, NARCINT agent David Pearson #9512, NARCINT agent/Plainfield Police Department officer Brian Wagner, Illinois State Police Tactical Response Team John Does #1-8, the Village of Plainfield, and as of yet other unknown municipalities, | ) |
| Defendants. | ) Jury Demand |

COMPLAINT

## JURISDICTION

The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq.; the Judicial Code, 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. §1367.

1

**PARTIES**

1. Plaintiff Fatumushe Ana Vula Ferataj is a resident of the United States and the City of Chicago.

2. Defendants Christopher Marshall and Brian Wagner are police officers from the Village of Plainfield Police Department. Defendant Marshall was a duly appointed member of the Will County Cooperative Police Assistance Team and the Illinois State Police Task Force; defendant Wagner was a duly appointed member of the Narcotics and Currency Interdiction Team [NARCINT], which is part of the Illinois State Police High Intensity Drug Trafficking Area [HIDTA] group. They engaged in the conduct complained of in the course and scope of their employment with the Plainfield Police Department, the Will County Cooperative Police Assistance Team, the Illinois State Police Task Force, and/or NARCINT, and while they were on duty.

3. Defendant Village of Plainfield is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers Christopher Marshall and Brian Wagner.

4. Defendants Tim Williams and David Pearson are law enforcement officers and were duly appointed members of the Narcotics and Currency Interdiction Team [NARCINT], which is part of the Illinois State Police High Intensity Drug Trafficking Area [HIDTA] group. They engaged in the conduct complained of in the course and scope of their employment with NARCINT, and while they were on duty.

5. Defendants Sgt. Dave Maroney, Trooper Chiappini #5083, ISP Trooper Galletti #5411, Trooper Plomero #4361, Trooper Hendrick, Special Agent Phil Dachman, Illinois State Police,

Will County Cooperative Police Assistance Team member Gary Augustine #9606, Inspector Lauer, Special Agent Linares, Inspector Lemann #9576, are law enforcement officers and are, on information and belief, duly appointed members of the Will County Cooperative Police Assistance Team and/or the Illinois State Police Task Force and/or the Narcotics and Currency Interdiction Team [NARCINT], which is part of the Illinois State Police High Intensity Drug Trafficking Area [HIDTA] group. They engaged in the conduct complained of in the course and scope of their employment with the Will County Cooperative Police Assistance Team and/or the Illinois State Police Task Force, and/or NARCINT, and while they were on duty.

6. Sgt. Jim Walsh and John Does #1-8 are Illinois State Police officers and duly appointed members of the Tactical Response Team, and they engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

7. At all times material to this complaint, the law enforcement officer defendants were acting under color of state law, ordinance, and/or regulation. Each is sued in his individual capacity.

**FACTS**

8. Plaintiff Fatumushe Ana Vula Ferataj is a successful businesswoman who on March 3, 2009, lived at 899 S. Plymouth Court, Apartment 2504, Chicago, IL.

9. In the early morning hours of March 3, 2009, Plaintiff was asleep in her apartment, wearing only a teeshirt and underpants, when she heard noise outside her door. She slightly opened the door to see what the commotion was, and saw several uniformed armed men, among them defendants Chiappini, Galletti, Augustine, Lemann, Linares, Lauer, Dachman, Hendrick, Plomero, Maroney, Walsh, Williams, Pearson, Wagner, Marshall, and ISP TRT John Does #1-8,

their faces obscured by masks.

10. Defendants Chiappini, Galletti, Augustine, Lemann, Linares, Lauer, Dachman, Hendrick, Plomero, Maroney, Walsh, Williams, Pearson, Wagner, Marshall, and ISP TRT John Does #1-8 did not knock, nor did they announce their office or show her a warrant, before breaking into the apartment and brutalizing Plaintiff.

11. Defendants Galletti and Walsh reached in and grabbed Plaintiff, pulled her by her hair, and dragged her out of her apartment and into the public hallway. They hit her head against the floor and wall, and kicked her about her head and body, as the other defendants either joined in these acts of physical violence and/or failed to intervene to stop these acts of physical violence.

12. Defendant Lemann then tightly handcuffed Plaintiff, and the defendants took her back to her apartment, handcuffed her to a chair, and one of the defendants pointed his weapon at her while the other defendants searched the apartment.

13. The defendants refused to allow her to put clothing on; they permitted her to use the bathroom while handcuffed, with the condition that she leave the door open and that she not flush the toilet.

14. Finding no contraband or any illegal activity in her apartment, defendants Chiappini and Galletti broke the door to Plaintiff's apartment, and the defendants then left.

15. Defendants Chiappini, Galletti, Augustine, Lemann, Linares, Lauer, Dachman, Hendrick, Plomero, Maroney, Walsh, Williams, Pearson, Wagner, Marshall, and ISP TRT John Does #1-8, acting jointly and with other police personnel, together reached an understanding, engaged in an ongoing course of conduct and joint action and otherwise conspired and continue

to conspire among and between themselves to deprive Plaintiff of her constitutional rights. By the overt acts set forth above, these defendants deprived Plaintiff of those rights, including her right to be free from unreasonable detention, search and seizure, and to be free from excessive force, as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

16. As a direct and proximate result of the acts of these defendants, as detailed above, Plaintiff has suffered and continues to suffer physical pain and injury and, *inter alia*, mental distress, humiliation, loss of liberty, loss of income, and damage to her property.

## COUNT I
## [Section 1983 Claim for Excessive Force]

17. Plaintiff realleges paragraphs 1 through 16.

18. The acts of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8, individually, jointly and in conspiracy, in physically abusing Plaintiff constituted the excessive and unreasonable use of force and thereby violated her rights under the Fourth Amendment to the United States Constitution to be secure in her person, papers and effects against unreasonable searches and seizures, and her right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

19. Additionally, the defendants were aware that the force they used against Plaintiff was excessive and unreasonable, had the opportunity and duty to intervene and prevent this excessive use of force and failed to do so.

20. These actions and inactions of defendants Maroney, Chiappini, Galletti, Walsh,

5

Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 were the direct and proximate cause of the violations of Plaintiff's Fourth and Fourteenth Amendment rights, her injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff demands actual or compensatory damages against defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 and, because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
### [Section 1983 Claim for Unreasonable Detention and Arrest]

21. Plaintiff realleges paragraphs 1 through 16.

22. The actions of all the defendants individually, jointly, and in conspiracy, in handcuffing and detaining Plaintiff without probable cause constituted an unreasonable detention and arrest in violation of her rights under the Fourth Amendment to the United States Constitution to be secure in her person, papers and effects against unreasonable searches and seizures, and her right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

23. Additionally, the defendants were aware that the detention and arrest of Plaintiff was unreasonable, had the opportunity and duty to intervene and prevent and/or stop the continuation

of this detention and arrest and failed to do so.

24. These actions and inactions of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 were the direct and proximate cause of the violations of Plaintiff's Fourth and Fourteenth Amendment rights, her injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff demands actual or compensatory damages against defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 and, because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT III
### [Section 1983 Claim for Unreasonable Search and Seizure]

25. Plaintiff realleges paragraphs 1-16.

26. The actions of defendants Chiappini and Galletti, individually, jointly and in conspiracy, in destroying Plaintiff's property, *inter alia*, by breaking her door, were objectively unreasonable and therefore violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

27. Additionally, defendants Maroney, Walsh, Plomero, Hendrick, Dachman, Augustine,

7

Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 had the opportunity and duty to intervene and prevent and/or stop this unreasonable search and seizure from continuing, and failed to do so.

28. These actions and inactions of these defendants as set forth above were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's physical pain, mental distress, anguish, humiliation and loss of property.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, from the individual defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8. Additionally, because these defendants acted maliciously, wilfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, plaintiff demands punitive damages from these defendants. Plaintiff also demands costs and attorneys' fees and whatever additional relief this Court deems equitable and just.

## COUNT IV
**[Pendent State Law Claim for Assault and Battery]**

29. Plaintiff realleges paragraphs 1 through 16.

30. The acts of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 as set forth above constituted assault and battery under the laws of the State of Illinois. Further, such acts directly and proximately caused Plaintiff's injuries, pain and suffering, and severe emotional distress as alleged above.

WHEREFORE, Plaintiff seeks compensatory damages in excess of $50,000 against

defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8. Additionally, because these defendants acted maliciously, wilfully and wantonly, Plaintiff demands punitive damages from them. Plaintiff also demands costs and whatever additional relief this Court deems equitable and just.

## COUNT V
### [Pendent State Law Claim for Intentional Infliction of Emotional Distress]

31. Plaintiff realleges paragraphs 1 through 16.

32. The conduct and actions of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8, as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

33. As a direct and proximate result of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8's extreme and outrageous conduct, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

WHEREFORE, Plaintiff demands actual or compensatory damages in excess of $50,000 against defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State

Police Tactical Response Team John Does #1-8 and such other and additional relief as this Court deems equitable and just.

## COUNT VI
### [Pendent State Law Claim for Trespass]

34. Plaintiff realleges paragraphs 1 through 16.

35. The actions of defendants Chiappini and Galletti, individually, jointly and in conspiracy, in destroying Plaintiff's property, *inter alia*, by breaking her door constituted the tort of trespass under Illinois law and directly and proximately caused the injuries and damages to plaintiffs as set forth above.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, in excess of $50,000, from defendants Chiappini and Galletti. Additionally, because these defendants acted maliciously, wilfully and wantonly, Plaintiff demands punitive damages from these defendants. Plaintiff also demands costs and whatever additional relief this Court deems equitable and just.

## COUNT VII
### (Pendent State Claim for Conspiracy)

36. Plaintiff realleges paragraphs 1 through 35.

37. Defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 and their co-conspirators, together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves, to commit assault, battery and trespass with respect to Plaintiff and her home, and to intentionally inflict severe emotional distress on Plaintiff, as more fully set forth in the Facts and in the above state law Counts.

38. In furtherance of these conspiracies, Defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, Illinois State Police Tactical Response Team John Does #1-8 and their co-conspirators, committed, and continue to commit, the overt acts set forth in the Facts above.

39. Said conspirac(ies) and overt acts were and are continuing in nature, and were and are a proximate cause of Plaintiff's tortuous injuries under state law, as set forth above.

40. Defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, Illinois State Police Tactical Response Team John Does #1-8 and their co-conspirators' overt acts, as set forth above, which were committed jointly, intentionally, and/or while conspiring together to assault and batter Plaintiff, to trespass in her home, and to intentionally inflict emotional distress on the Plaintiff, constitute the tort of conspiracy as set forth above.

WHEREFORE Plaintiff demands compensatory damages in excess of $50,000 from Defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8, and, because they acted in a malicious, willful and/or wanton manner toward Plaintiff, for punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

### COUNT VIII
**[Claim for Respondeat Superior Against Defendant Village of Plainfield and as of yet other unknown municipalities]**

41. Plaintiff realleges paragraphs 1 through 40.

42. Defendants police officers Marshall and Wagner were, at all times material to this

11

complaint, were employees of the Defendant Village of Plainfield, were acting in the scope of their employment, and their acts, which violated state law, are directly chargeable to Defendant Village of Plainfield under state law pursuant to respondeat superior.

43. On information and belief, some of the other defendants, at all times material to this complaint, employees of the Defendant Village of Plainfield and/or as of yet other unknown municipalities, were acting in the scope of their employment, and their acts, which violated state law, are directly chargeable to Defendant Village of Plainfield and/or to as of yet other unknown municipalities under state law pursuant to respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages against the Village of Plainfield and against as of yet other unknown municipalities, plus costs of these actions and whatever additional relief this Court deems equitable and just.

## COUNT IX
**[745 ILCS 10/9-102 Claim Against Defendant Village of Plainfield and as of yet other unknown municipalities]**

44. Plaintiff realleges paragraphs 1 through 43.

45. Defendant Village of Plainfield was the employer of defendants Marshall and Wagner at all times relevant to this complaint.

46. On information and belief, Defendant Village of Plainfield and/or as of yet other unknown municipalities were the employers of some of the other defendants at all times relevant to this complaint.

47. Defendants Marshall and Wagner committed the acts alleged above in the scope of their employment as employees of the Village of Plainfield.

48. On information and belief, some of the other defendants committed the acts alleged

12

above in the scope of their employment as employees of the Village of Plainfield and/or as of yet other unknown municipalities.

WHEREFORE Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the defendant Village of Plainfield and against as of yet other unknown municipalities in the amount awarded to Plaintiff against the individual defendants as a judgment, and/or for any settlement entered into between the Plaintiff and the individual defendants and for whatever additional relief this Court deems equitable and just.

Dated: February 22, 2010

Respectfully submitted,

/s/ Jan Susler
Jan Susler
Flint Taylor
People's Law Office
1180 N. Milwaukee Avenue
Chicago, Illinois 60622
773/235-0070

Attorneys for Plaintiff

**Plaintiff demands a jury trial on each and every count of this Complaint.**