UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fatumushe Ana Vula Ferataj, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 10 CV 1358 |
| | ) | |
| Village of Plainfield, et al., | ) | Judge Matthew F. Kennelly |
| | ) | Magistrate Judge Nolan |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME the Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, by and through their attorneys, McKEOWN, FITZGERALD, ZOLLNER, BUCK, HUTCHISON and RUTTLE, and for their answer and affirmative defenses to Plaintiff's Complaint, state as follows:

JURISDICTION

The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, admit the allegations in this Jurisdiction section of Plaintiff's Complaint.

PARTIES

1. Plaintiff Fatumushe Ana Vula Ferataj is a resident of the United States and the City of Chicago.

**ANSWER:** Upon information and belief, Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.  Defendants Christopher Marshall and Brian Wagner are police officers from the Village of Plainfield Police Department. Defendant Marshall was a duly appointed member of the Will County Cooperative Police Assistance Team and the Illinois State Police Task Force; defendant Wagner was a duly appointed member of the Narcotics and Currency Interdiction Team [NARCINT], which is part of the Illinois State Police High Intensity Drug Trafficking Area [HIDTA] group. They engaged in the conduct complained of in the course and scope of their employment with the Plainfield Police Department, the Will County Cooperative Police Assistance Team, the Illinois State Police Task Force, and/or NARCINT, and while they were on duty.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, admit that Christopher Marshall and Brian Wagner are police officers employed by the Village of Plainfield and that Marshall was an Inspector for the Will County Cooperative Police Assistance Team (W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of Plaintiff's Complaint, but deny that Wagner was a duly appointed member of the Narcotics and Currency Interdiction Team [NARCINT]. Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, admit that Wagner was on duty and acting within the course and scope of his employment with the Village of Plainfield at the time of the occurrence which is the subject of Plaintiff's Complaint, but specifically deny that WAGNER engaged in any misconduct. Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of Plaintiff's Complaint that relate to other defendants.

3.  Defendant Village of Plainfield is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers Christopher Marshall and Brian Wagner.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, admit that the Village of Plainfield is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that Christopher Marshall and Brian Wagner were employed by the Village of Plainfield at the time of the occurrence which is the subject of Plaintiff's Complaint, but affirmatively state that Marshall was acting as an Inspector for the Will County Cooperative Police Assistance Team

      (W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of Plaintiff's Complaint.

4.     Defendants Tim Williams and David Pearson are law enforcement officers and were duly appointed members of the Narcotics and Currency Interdiction Team [NARCINT], which is part of the Illinois State Police High Intensity Drug Trafficking Area [HIDTA] group. They engaged in the conduct complained of in the course and scope of their employment with NARCINT, and while they were on duty.

**ANSWER:**     Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of Plaintiff's Complaint as they are directed to other defendants.

5.     Defendants Sgt. Dave Maroney, Trooper Chiappini #5083, ISP Trooper Galletti #5411, Trooper Plomero #4361, Trooper Hendrick, Special Agent Phil Dachman, Illinois State Police, Will County Cooperative Police Assistance Team member Gary Augustine #9606, Inspector Lauer, Special Agent Linares, Inspector Lemann #9576, are law enforcement officers and are, on information and belief, duly appointed members of the Will County Cooperative Police Assistance Team and/or the Illinois State Police Task Force and/or the Narcotics and Currency Interdiction Team [NARCINT], which is part of the Illinois State Police High Intensity Drug Trafficking Area [HIDTA] group. They engaged in the conduct complained of in the course and scope of their employment with the Will County Cooperative Police Assistance Team and/or the Illinois State Police Task Force, and/or NARCINT, and while they were on duty.

**ANSWER:**     Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of Plaintiff's Complaint as they are directed to other defendants.

6. Sgt. Jim Walsh and John Does #1-8 are Illinois State Police officers and duly appointed members of the Tactical Response Team, and they engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of Plaintiff's Complaint as they are directed to other defendants.

7. At all times material to this complaint, the law enforcement officer defendants were acting under color of state law, ordinance, and/or regulation. Each is sued in his individual capacity.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, make no answer to the allegations of paragraph 7 of Plaintiff's Complaint to the extent that they call for a legal conclusion. Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, admit that WAGNER was acting within the scope of his employment with the VILLAGE OF PLAINFIELD at the time of the occurrence alleged in Plaintiff's Complaint, but specifically deny that WAGNER engaged in any misconduct or that his conduct at the time of the occurrence which is the subject of Plaintiff's Complaint was in violation of any state or federal law. Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of Plaintiff's Complaint that are directed to other defendants.

FACTS

8. Plaintiff Fatumushe Ana Vula Ferataj is a successful businesswoman who on March 3, 2009, lived at 899 S. Plymouth Court, Apartment 2504, Chicago, IL.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 8 of Plaintiff's Complaint that Plaintiff is a successful businesswoman. Upon information and belief, Defendants admit that on March 3, 2009, Plaintiff lived at 899 S. Plymouth Court, Apartment 2504, Chicago, IL.

9. In the early morning hours of March 3, 2009, Plaintiff was asleep in her apartment, wearing only a teeshirt and underpants, when she heard noise outside her door. She slightly

4

opened the door to see what the commotion was, and saw several uniformed armed men, among them defendants Chiappini, Galletti, Augustine, Lemann, Linares, Lauer, Dachman, Hendrick, Plomero, Maroney, Walsh, Williams, Pearson, Wagner, Marshall, and ISP TRT John Does #1-8, their faces obscured by masks.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint that, on March 3, 2009, Plaintiff was asleep in her apartment, wearing only a tee-shirt and underpants, and heard a noise outside her door. Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny any and all remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants Chiappini, Galletti, Augustine, Lemann, Linares, Lauer, Dachman, Hendrick, Plomero, Maroney, Walsh, Williams, Pearson, Wagner, Marshall, and ISP TRT John Does #1-8 did not knock, nor did they announce their office or show her a warrant, before breaking into the apartment and brutalizing Plaintiff.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants Galletti and Walsh reached in and grabbed Plaintiff, pulled her by her hair, and dragged her out of her apartment and into the public hallway. They hit her head against the floor and wall, and kicked her about her head and body, as the other defendants either joined in these acts of physical violence and/or failed to intervene to stop these acts of physical violence.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant Lemann then tightly handcuffed Plaintiff, and the defendants took her back to her apartment, handcuffed her to a chair, and one of the defendants pointed his weapon at her while the other defendants searched the apartment.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. The defendants refused to allow her to put clothing on; they permitted her to use the bathroom while handcuffed, with the condition that she leave the door open and that she not flush the toilet.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Finding no contraband or any illegal activity in her apartment, defendants Chiappini and Galletti broke the door to Plaintiff s apartment, and the defendants then left.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants Chiappini, Galletti, Augustine, Lemann, Linares, Lauer, Dachman, Hendrick, Plomero, Maroney, Walsh, Williams, Pearson, Wagner, Marshall, and ISP TRT John Does #1-8, acting jointly and with other police personnel, together reached an understanding, engaged in an ongoing course of conduct and joint action and otherwise conspired and continue to conspire among and between themselves to deprive Plaintiff of her constitutional rights. By the overt acts set forth above, these defendants deprived Plaintiff of those rights, including her right to be free from unreasonable detention, search and seizure, and to be free from excessive force, as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. As a direct and proximate result of the acts of these defendants, as detailed above, Plaintiff has suffered and continues to suffer physical pain and injury and, *inter alia,* mental distress, humiliation, loss of liberty, loss of income, and damage to her property.

**ANSWER:** Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

COUNT I

**[Section 1983 Claim for Excessive Force]**

17.     Plaintiff realleges paragraphs 1 through 16.

**ANSWER:**     Plaintiff adopts and realleges paragraphs 1 through 16 and incorporates them by reference as paragraphs 1 through 16 of Count I of her Complaint. Therefore, Defendant, BRIAN WAGNER, adopts and realleges his answers to paragraphs 1 through 16 of the Complaint as his answers to paragraphs 1 through 16 of Count I.

18.     The acts of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8, individually, jointly and in conspiracy, in physically abusing Plaintiff constituted the excessive and unreasonable use of force and thereby violated her rights under the Fourth Amendment to the United States Constitution to be secure in her person, papers and effects against unreasonable searches and seizures, and her right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

**ANSWER:**     Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Additionally, the defendants were aware that the force they used against Plaintiff was excessive and unreasonable, had the opportunity and duty to intervene and prevent this excessive use of force and failed to do so.

**ANSWER:**     Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     These actions and inactions of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 were the direct and proximate cause of the violations of Plaintiffs Fourth and Fourteenth Amendment rights, her

7

injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, BRIAN WAGNER, denies that the Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT II

### [Section 1983 Claim for Unreasonable Detention and Arrest]

21. Plaintiff realleges paragraphs 1 through 16.

**ANSWER:** Plaintiff adopts and realleges paragraphs 1 through 16 and incorporates them by reference as paragraphs 1 through 16 of Count II of her Complaint. Therefore, Defendant, BRIAN WAGNER, adopts and realleges his answers to paragraphs 1 through 16 of the Complaint as his answers to paragraphs 1 through 16 of Count II.

22. The actions of all the defendants individually, jointly, and in conspiracy, in handcuffing and detaining Plaintiff without probable cause constituted an unreasonable detention and arrest in violation of her rights under the Fourth Amendment to the United States Constitution to be secure in her person, papers and effects against unreasonable searches and seizures, and her right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Additionally, the defendants were aware that the detention and arrest of Plaintiff was unreasonable, had the opportunity and duty to intervene and prevent and/or stop the continuation of this detention and arrest and failed to do so.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. These actions and inactions of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 were the direct and proximate cause of the violations of Plaintiffs Fourth and Fourteenth Amendment rights, her injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, BRIAN WAGNER, denies that the Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT III

### [Section 1983 Claim for Unreasonable Search and Seizure]

25. Plaintiff realleges paragraphs 1-16.

**ANSWER:** Plaintiff adopts and realleges paragraphs 1 through 16 and incorporates them by reference as paragraphs 1 through 16 of Count III of her Complaint. Therefore, Defendant, BRIAN WAGNER, adopts and realleges his answers to paragraphs 1 through 16 of the Complaint as his answers to paragraphs 1 through 16 of Count III.

26. The actions of defendants Chiappini and Galletti, individually, jointly and in conspiracy, in destroying Plaintiff's property, *inter alia,* by breaking her door, were objectively unreasonable and therefore violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

9

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Additionally, defendants Maroney, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 had the opportunity and duty to intervene and prevent and/or stop this unreasonable search and seizure from continuing, and failed to do so.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. These actions and inactions of these defendants as set forth above were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's physical pain, mental distress, anguish, humiliation and loss of property.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, BRIAN WAGNER, denies that the Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT IV

### [Pendent State Law Claim for Assault and Battery]

29. Plaintiff realleges paragraphs 1 through 16.

**ANSWER:** Plaintiff adopts and realleges paragraphs 1 through 16 and incorporates them by reference as paragraphs 1 through 16 of Count IV of her Complaint. Therefore, Defendant, BRIAN WAGNER, adopts and realleges his answers to paragraphs 1 through 16 of the Complaint as his answers to paragraphs 1 through 16 of Count IV.

30. The acts of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 as set forth above constituted

assault and battery under the laws of the State of Illinois. Further, such acts directly and proximately caused Plaintiff's injuries, pain and suffering, and severe emotional distress as alleged above.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, BRIAN WAGNER, denies that the Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

COUNT V

**[Pendent State Law Claim for Intentional Infliction of Emotional Distress]**

31. Plaintiff realleges paragraphs 1 through 16.

**ANSWER:** Plaintiff adopts and realleges paragraphs 1 through 16 and incorporates them by reference as paragraphs 1 through 16 of Count V of her Complaint. Therefore, Defendant, BRIAN WAGNER, adopts and realleges his answers to paragraphs 1 through 16 of the Complaint as his answers to paragraphs 1 through 16 of Count V.

32. The conduct and actions of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Daclunan, Augnstine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8, as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. As a direct and proximate result of defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Daclunan, Augustine, Lauer, Linares, Lemarm, Marshall, Williams, Pearson,

11

Wagner, and Illinois State Police Tactical Response Team John Does #1-8's extreme and outrageous conduct, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, BRIAN WAGNER, denies that the Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT VI
**[Pendent State Law Claim for Trespass]**

The Defendants, VILLAGE OF PLAINFIELD and BRIAN WAGNER, make no answer to the allegations contained in Count VI of Plaintiff's Complaint, since Count VI is directed against defendants other than the VILLAGE OF PLAINFIELD and BRIAN WAGNER.

## COUNT VII
**[Pendent State Claim for Conspiracy]**

36. Plaintiff realleges paragraphs 1 through 35.

**ANSWER:** Plaintiff adopts and realleges paragraphs 1 through 35 and incorporates them by reference as paragraphs 1 through 35 of Count VII of her Complaint. Therefore, Defendant, BRIAN WAGNER, adopts and realleges his answers to paragraphs 1 through 35 of the Complaint as his answers to paragraphs 1 through 35 of Count VII.

37. Defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachman, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, and Illinois State Police Tactical Response Team John Does #1-8 and their co-conspirators, together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves, to commit assault, battery and trespass with respect to Plaintiff

and her home, and to intentionally inflict severe emotional distress on Plaintiff, as more fully set forth in the Facts and in the above state law Counts.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. In furtherance of these conspiracies, Defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachrnan, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, Illinois State Police Tactical Response Team John Does #1-8 and their co-conspirators, committed, and continue to commit, the overt acts set forth in the Facts above.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Said conspirac(ies) and overt acts were and are continuing in nature, and were and are a proximate cause of Plaintiffs tortuous injuries under state law, as set forth above.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants Maroney, Chiappini, Galletti, Walsh, Plomero, Hendrick, Dachrnan, Augustine, Lauer, Linares, Lemann, Marshall, Williams, Pearson, Wagner, Illinois State Police Tactical Response Team John Does #1-8 and their co-conspirators' overt acts, as set forth above, which were committed jointly, intentionally, and/or while conspiring together to assault and batter Plaintiff, to trespass in her home, and to intentionally inflict emotional distress on the Plaintiff, constitute the tort of conspiracy as set forth above.

**ANSWER:** Defendant, BRIAN WAGNER, denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, BRIAN WAGNER, denies that the Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

COUNT VIII

**[Claim for Respondeat Superior Against Defendant Village of Plainfield and as of yet other unknown municipalities]**

41.     Plaintiff realleges paragraphs 1 through 40.

**ANSWER:**     Plaintiff adopts and realleges paragraphs 1 through 40 and incorporates them by reference as paragraphs 1 through 40 of Count VIII of her Complaint. Defendant, VILLAGE OF PLAINFIELD, adopts and realleges its and BRIAN WAGNER's answers to paragraphs 1 through 40 of the Complaint as its answers to paragraphs 1 through 40 of Count VIII.

42.     Defendants police officers Marshall and Wagner were, at all times material to this complaint, were employees of the Defendant Village of Plainfield, were acting in the scope of their employment, and their acts, which violated state law, are directly chargeable to Defendant Village of Plainfield under state law pursuant to respondeat superior.

**ANSWER:**     Defendant, VILLAGE OF PLAINFIELD, admits that Marshall and Wagner were employed by and acting within the scope of their employment for the Village of Plainfield at the time of the occurrence which is the subject of the Complaint, but affirmatively states that Marshall was acting in his capacity as an Inspector for the Will County Cooperative Police Assistance Team (W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of Plaintiff's Complaint; Defendant, VILLAGE OF PLAINFIELD, specifically denies any misconduct by Marshall or Wagner and denies that any of their actions related to the occurrence which is the subject of Plaintiff's Complaint were in violation of state law. To the extent that the remaining allegations contained in paragraph 42 of Plaintiff's Complaint call for a legal conclusion, Defendant, VILLAGE OF PLAINFIELD, makes no answer to such allegations.

43.     On information and belief, some of the other defendants, at all times material to this complaint, employees of the Defendant Village of Plainfield and/or as of yet other unknown municipalities, were acting in the scope of their employment, and their acts, which violated state law, are directly chargeable to Defendant Village of Plainfield and/or to as of yet other unknown municipalities under state law pursuant to respondeat superior.

**ANSWER:**     Defendant, VILLAGE OF PLAINFIELD, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of

>Plaintiff's Complaint that are directed to "some of the other defendants" and/or other unknown municipalities. Defendant, VILLAGE OF PLAINFIELD, affirmatively states that Defendant Lehmann was employed by and acting within the scope of his employment for the Village of Plainfield at the time of the occurrence which is the subject of the Complaint, but further states that Lehmann was acting in his capacity as an Inspector for the Will County Cooperative Police Assistance Team (W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of the Complaint; Defendant, VILLAGE OF PLAINFIELD, specifically denies any misconduct by Lehmann and denies that any of his actions related to the occurrence which is the subject of Plaintiff's Complaint were in violation of state law. To the extent that the remaining allegations contained in paragraph 43 of Plaintiff's Complaint call for a legal conclusion, Defendant, VILLAGE OF PLAINFIELD, makes no answer to such allegations.

**WHEREFORE**, Defendant, VILLAGE OF PLAINFIELD, denies that the Plaintiff is entitled to any judgment whatsoever against it, and prays this Honorable Court will enter judgment in its favor and allow for the costs of defending this lawsuit.

## COUNT IX

### [745 ILCS 10/9-102 Claim Against Defendant Village of Plainfield and as of yet other unknown municipalities]

44. Plaintiff realleges paragraphs 1 through 43.

**ANSWER:** Plaintiff adopts and realleges paragraphs 1 through 43 and incorporates them by reference as paragraphs 1 through 43 of Count IX of her Complaint. Defendant, VILLAGE OF PLAINFIELD, adopts and realleges its and BRIAN WAGNER's answers to paragraphs 1 through 43 of the Complaint as its answers to paragraphs 1 through 43 of Count IX.

45. Defendant Village of Plainfield was the employer of defendants Marshall and Wagner at all times relevant to this complaint.

**ANSWER:** Defendant, VILLAGE OF PLAINFIELD, admits the allegations contained in paragraph 45 of the Plaintiff's Complaint, but affirmatively states that Marshall was acting in his capacity as an Inspector for the Will County Cooperative Police Assistance Team (W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of Plaintiff's Complaint.

46. On information and belief, Defendant Village of Plainfield and/or as of yet other unknown municipalities were the employers of some of the other defendants at all times relevant to this complaint.

**ANSWER:** Defendant, VILLAGE OF PLAINFIELD, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint regarding "other unknown municipalities" and "some of the other defendants." Defendant, VILLAGE OF PLAINFIELD, affirmatively states that Defendant Lehmann was employed by the Village of Plainfield at the time of the occurrence which is the subject of the Complaint, but further states that Lehmann was acting in his capacity as an Inspector for the Will County Cooperative Police Assistance Team (W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of the Complaint.

47. Defendants Marshall and Wagner committed the acts alleged above in the scope of their employment as employees of the Village of Plainfield.

**ANSWER:** Defendant, VILLAGE OF PLAINFIELD, admits that Marshall and Wagner were employed by and acting within the scope of their employment with the Village of Plainfield at the time of the alleged occurrence which is the subject of this Complaint, but affirmatively states that Marshall was acting in his capacity as an Inspector for the Will County Cooperative Police Assistance Team (W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of Plaintiff's Complaint; Defendant, VILLAGE OF PLAINFIELD, specifically denies that Marshall or Wagner committed the acts alleged above, that Marshall or Wagner committed any misconduct at the time of the occurrence which is the subject of Plaintiff's Complaint and that any of the actions of Marshall or Wagner were in violation of state or federal law.

48. On information and belief, some of the other defendants committed the acts alleged above in the scope of their employment as employees of the Village of Plainfield and/or as of yet other unknown municipalities.

**ANSWER:** Defendant, VILLAGE OF PLAINFIELD, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint regarding "other unknown municipalities" and "some of the other defendants." Defendant, VILLAGE OF PLAINFIELD, affirmatively states that Defendant Lehmann was employed by and acting within the scope of his employment with the Village of Plainfield at the time of the occurrence which is the subject of the Complaint, but further states that Lehmann was acting in his capacity as an Inspector for the Will County Cooperative Police Assistance Team

(W.C.P.A.T.) Task Force at the time of the occurrence which is the subject of the Complaint; Defendant, VILLAGE OF PLAINFIELD, specifically denies that Lehmann committed the acts alleged above , that Lehmann committed any misconduct at the time of the occurrence which is the subject of Plaintiff's Complaint and that any of Lehmann's actions at the time of the occurrence which is the subject of the Complaint were in violation of state or federal law.

**WHEREFORE**, Defendant, VILLAGE OF PLAINFIELD, denies that the Plaintiff is entitled to any judgment whatsoever against it, and prays this Honorable Court will enter judgment in its favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

s/ Marie Pappas
MARIE PAPPAS
McKeown, Fitzgerald, Zollner,
 Buck, Hutchison & Ruttle
2455 Glenwood Avenue
Joliet, Illinois 60435
Phone:  (815) 729-4800
Fax:     (815) 729-4711
ARDC No. 6293436
Email:   marie@mckeownlawfirm.com

**FIRST AFFIRMATIVE DEFENSE**

NOW COMES the Defendant, BRIAN WAGNER, by and through his attorneys, McKEOWN, FITZGERALD, ZOLLNER, BUCK, HUTCHISON & RUTTLE, and for his First Affirmative Defense to Plaintiff's Complaint, states as follows:

Defendant did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling him to qualified immunity.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to any judgment whatsoever against him and pray this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

    Respectfully submitted,

    s/ Marie Pappas
    MARIE PAPPAS
    McKeown, Fitzgerald, Zollner,
     Buck, Hutchison & Ruttle
    2455 Glenwood Avenue
    Joliet, Illinois 60435
    Phone:  (815) 729-4800
    Fax:     (815) 729-4711
    ARDC No. 6293436
    Email:   marie@mckeownlawfirm.com

**SECOND AFFIRMATIVE DEFENSE**

NOW COME the Defendants, the VILLAGE OF PLAINFIELD and BRIAN WAGNER, by and through their attorneys, McKEOWN, FITZGERALD, ZOLLNER, BUCK, HUTCHISON & RUTTLE, and for their Second Affirmative Defense to Plaintiff's Complaint, state as follows:

With respect to Plaintiff's state law claims, Defendants are immune from liability under the Illinois Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-1/01 *et seq.*), including but not limited to §§ 10/2-102, 10/2-204, 10/2-209, 10/2-201 and 10/2-109.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

s/ Marie Pappas
MARIE PAPPAS
McKeown, Fitzgerald, Zollner,
 Buck, Hutchison & Ruttle
2455 Glenwood Avenue
Joliet, Illinois 60435
Phone: (815) 729-4800
Fax: (815) 729-4711
ARDC No. 6293436
Email: marie@mckeownlawfirm.com